# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Pension Funding, LLC, et al.,<br><br>Defendants. | **Case No. 8:15-cv-01329-JLS-JCG**<br><br>**STIPULATED PRELIMINARY INJUNCTION, APPOINTMENT OF A RECEIVER, AND RELATED ORDERS** |

Plaintiffs Consumer Financial Protection Bureau (Bureau) and Shirin Emami, Acting Superintendent of Financial Services of the State of New York's (Superintendent) commenced this civil action on August 20, 2015 to obtain injunctive, equitable, and monetary relief from Pension Funding, LLC, Pension Income, LLC, Steven Covey, Edwin Lichtig, and Rex Hofelter (Defendants). The Complaint alleges violations of the Consumer Financial Protection Act of 2010

1

(CFPA), 12 U.S.C. §§ 5552(a)(1), 5531, 5536(a), 5564, and 5565, and the laws of New York State.

Plaintiffs filed their Application For A Preliminary Injunction With The Appointment Of A Receiver And Other Equitable Relief (Application) on October 7, 2015. A hearing on the Plaintiffs' Application was set for December 18, 2015.

Plaintiffs and Defendants Pension Funding, LLC, Pension Income, LLC, Edwin Lichtig, and Rex Hofelter (the Stipulating Defendants), by and through their respective counsel, agree to the entry of this Stipulated Preliminary Injunction, Appointment of a Receiver, and Related Orders.

## I.

**IT IS ORDERED** that the Stipulating Defendants and their officers, agents, servants, employees, attorneys, subsidiaries, affiliates, and successors in interest, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly:

    A. advertising, marketing, promoting, offering for sale, or selling any products that provide lump-sum payments to consumers in return for their agreement to redirect all or part of their pension payments for some period to repay the funds (pension-advance products);

    B. performing any services in connection with pension-advance products;

    C. assisting others engaged in advertising, marketing, promoting, offering for sale, or selling any pension-advance products;

    D. assisting others engaged in performing any services in connection with pension-advance products; and

  E. selling any customer information or leads to others, or using customer information or leads collected through their pension-advance business to advertise or market other products.

## II.

**IT IS FURTHER ORDERED** that the Stipulating Defendants and their officers, agents, servants, employees, attorneys, subsidiaries, and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, engaging in the business of money transmission with New York consumers without a license.

## III.

**IT IS FURTHER ORDERED** that Krista Freitag of E3 Advisors is appointed as receiver of Pension Funding, LLC, and Pension Income, LLC, and their subsidiaries, affiliates, and successors in interest. Ms. Freitag and her firm's experience as a federal equity receiver, as well as her reasonable hourly rate, were relevant factors in the parties recommending her. The receiver shall have full powers of an equity receiver, including, but not limited to, full power over all funds, assets, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers, and other real or personal property, including notes, deeds of trust, and other interests in real property, belonging to, being managed by, or in the possession of or control of Pension Funding, LLC, Pension Income, LLC, and any of their subsidiaries, affiliates, and successors in interest, and including all funds and assets transferred from Pension Funding, LLC, or Pension Income, LLC, to entities controlled or managed by Edwin Lichtig or Rex Hofelter, including PGR, LLC. For the purposes of executing her responsibilities pursuant to this Order, the receiver is not subject

to the provisions of Section II.B, II.D, or III. The receiver is immediately authorized, empowered, and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, including notes, deeds of trust and other interests in real property of, or managed by, Pension Funding, LLC, and Pension Income, LLC, and their subsidiaries, affiliates, and successors in interest, with full power to sue, foreclose, marshal, sell, liquidate, collect, receive, and take into possession all such property;

    B.    to have control of, and to be added along with Thomas Hebrank of E3 Advisors as the sole authorized signatories for all accounts of Pension Funding, LLC, and Pension Income, LLC, and their subsidiaries, affiliates, and successors in interest, including all accounts over which Pension Funding, LLC, and Pension Income, LLC, and any of their officers, employees or agents, have signatory authority, at any bank, title company, escrow agent, financial institution, or brokerage firm that has possession, custody, or control of any assets or funds of Pension Funding, LLC, and Pension Income, LLC, in whatever form such assets may exist and wherever located, or which maintains accounts over which Pension Funding, LLC, and Pension Income, LLC, and/or any of their officers, employees, or agents have signatory authority;

    C.    to conduct such investigation and discovery as may be necessary to locate and account for all of the funds, assets, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise

controlled), choses in action, books, records, papers, and other real or personal property, including notes, deeds of trust, and other interests in real property of, or managed by, Pension Funding, LLC, and Pension Income, LLC, and their subsidiaries, affiliates, and successors in interest, or transferred from Pension Funding, LLC, or Pension Income, LLC, to entities controlled or managed by Edwin Lichtig or Rex Hofelter, including PGR, LLC, and to engage and employ attorneys, accountants, and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any funds, assets, negotiable instruments, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers, and other real or personal property, including notes, deeds of trust, and other interests in real property of, or managed by, Pension Funding, LLC, and Pension Income, LLC, or their subsidiaries, affiliates, and successors in interest, including all funds and assets transferred from Pension Funding, LLC, or Pension Income, LLC, to entities controlled or managed by Edwin Lichtig or Rex Hofelter, including PGR, LLC;

E. to make an accounting, as soon as practicable, to this Court and the Plaintiffs of the assets and financial condition of Pension Funding, LLC, and Pension Income, LLC, and the assets under their management, or managed by their subsidiaries, affiliates, and successors in interest, or transferred from Pension Funding, LLC, or Pension Income, LLC, to entities controlled or managed by Edwin Lichtig or Rex Hofelter, including PGR, LLC, including all notes,

         deeds of trust, and other interests in real property and to file the accounting with the Court and deliver copies thereof to all parties;

F.   to make an accounting, as soon as practicable, to this Court and the Plaintiffs of the status of each completed transaction related to Defendants' pension-advance products and to propose a methodology, subject to the Court's approval, for determining how to unwind or otherwise resolve any such transaction;

G.   to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by her, and to incur, or authorize the making of such agreements as may be necessary and advisable in discharging the receiver's duties;

H.   to employ attorneys, accountants, and others to investigate, advise, and where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist, including in state or federal courts, or in foreign jurisdictions, as a result of the activities of present or past employees or agents of Pension Funding, LLC, and Pension Income, LLC;

I.   to have access to and monitor all mail, electronic mail, and telephones of, as well as any other form of communication used by, Pension Funding, LLC, and Pension Income, LLC, in order to review such communications which the receiver considers relevant to the business of Pension Funding, LLC, and Pension Income, LLC, and discharging the receiver's duties, and to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to Pension Funding, LLC, and Pension Income, LLC, or to any of its subsidiaries or affiliates;

  J. to operate and control the content of information posted on any Pension Funding, LLC, and Pension Income, LLC, Internet websites;

  K. to seek discovery from parties and non-parties without regard to the timing limitations set forth in Federal Rules of Civil Procedure 26(d)(1); and

  L. to exercise all of the lawful powers of Pension Funding, LLC, and Pension Income, LLC, and their officers, directors, employees, representatives, or persons who exercise similar powers and perform similar duties.

## IV.

**IT IS FURTHER ORDERED** that Defendants Pension Funding, LLC, and Pension Income, LLC, their subsidiaries, affiliates, and successors in interest, any entities controlled or managed in full or in part by Edwin Lichtig or Rex Hofelter to which funds or assets were transferred from Pension Funding, LLC, or Pension Income, LLC, including PGR, LLC, and their officers, agents, servants, employees, and attorneys, and any other persons who are in custody, possession or control of any assets, negotiable instruments, collateral, books, records, papers, notes, deeds of trust, and other interests in real property, or other property of, or managed by, Pension Funding, LLC, and Pension Income, LLC, shall forthwith give access to and control of such property to the receiver.

## V.

**IT IS FURTHER ORDERED** that no officer, agent, servant, employee, or attorney of the Stipulating Defendants or their subsidiaries or affiliates shall take any action or purport to take any action, in the name of or on behalf of Pension Funding, LLC, or Pension Income, LLC, or any of their subsidiaries, affiliates, and successors in interest, including posting any information on any Internet websites that purports to be any communication on behalf of Pension Funding, LLC, or

7

Pension Income, LLC, without the written consent of the receiver or order of this Court.

## VI.

**IT IS FURTHER ORDERED** that during the pendency of this receivership, except by leave of this Court, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all persons or entities acting on their behalf, including sheriffs, marshals, servants, agents, employees, and attorneys, and all other persons or entities seeking any kind of relief relating to Defendants' pension-advance products, in law or in equity, are hereby preliminarily restrained and enjoined from, directly or indirectly:

    A.    commencing, prosecuting, continuing, or enforcing any suit or proceeding (other than the present action by the Plaintiffs) against Pension Funding, LLC, Pension Income, LLC, any of their subsidiaries, affiliates, and successors in interest that manage or control their assets, or any consumers that agreed to redirect all or part of their pension payments in connection with a pension-advance product with respect to their activities relating to the pension-advance products;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with or crediting or enforcing a lien upon any property or property interests owned by or in the possession of Pension Funding, LLC, Pension Income, LLC, any of their subsidiaries, affiliates, and successors in interest that manage or control their assets, or any consumers that agreed to redirect all or part of their

        pension payments in connection with a pension-advance product with respect to their activities relating to the pension-advance products; and

C.    doing any act or thing whatsoever to interfere with the taking control, possession or management by the receiver appointed hereunder of the property and assets owned, controlled or in the possession of Pension Funding, LLC, Pension Income, LLC, or any of their subsidiaries or affiliates, or in any way to interfere with or harass the receiver, or the receiver's attorneys, accountants, employees or agents or to interfere in any manner with the discharge of the receiver's duties and responsibilities hereunder.

## VII.

**IT IS FURTHER ORDERED** that the Stipulating Defendants, and their subsidiaries, affiliates, and successors in interest and their officers, agents, servants, employees, and attorneys, shall cooperate with and assist the receiver, the receiver's attorneys, accountants, employees and agents, and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the receiver, the receiver's attorneys, accountants, employees, or agents in the course of the receiver's duties. The Stipulating Defendants and their subsidiaries, affiliates, and successors in interest and their officers, agents, servants, employees, and attorneys shall not interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the receiver of the funds, assets, collateral, premises, and choses in action described above.

## VIII.

**IT IS FURTHER ORDERED** that the Stipulating Defendants shall pay the costs, fees, and expenses of the receiver incurred in connection with the performance of the receiver's duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the receiver to

9

1 assist the receiver in carrying out the receiver's duties and obligations. All
2 applications for costs, fees and expenses for services rendered in connection with
3 the receivership other than routine and necessary business expenses in conducting
4 the receivership, such as salaries, rent and any and all other reasonable operating
5 and liquidating expenses, shall be made by application on at least a quarterly basis
6 setting forth in reasonable detail the nature of the services and shall be heard by the
7 Court.

## IX.

9 **IT IS FURTHER ORDERED** that no bond shall be required in connection
10 with the appointment of the receiver. Except for an act of gross negligence, the
11 receiver shall not be liable for any loss or damage incurred by any of the
12 Stipulating Defendants, their officers, agents, servants, employees and attorneys or
13 any other person, by reason of any act performed or omitted to be performed by the
14 receiver in connection with the discharge of his or her duties and responsibilities.

## X.

16 **IT IS FURTHER ORDERED** that representatives of the Bureau and the
17 Superintendent are authorized to have continuing access to inspect or copy any or
18 all of the corporate books and records and other documents of Pension Funding,
19 LLC, and Pension Income, LLC, and their subsidiaries, affiliates, and successors in
20 interest and continuing access to inspect their funds, property, assets and collateral,
21 wherever located.

## XI.

23 **IT IS FURTHER ORDERED** that, except as otherwise ordered by this
24 Court, the Stipulating Defendants, and their officers, agents, servants, employees,
25 attorneys, subsidiaries, affiliates, and successors in interest, and those persons in
26 active concert or participation with any of them, who receive actual notice of this
27 Order, by personal service or otherwise, and each of them, be and hereby are

preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), related in any way to Pension Funding, LLC, or Pension Income, LLC.

## XII.

**IT IS FURTHER ORDERED** that the Stipulating Defendants shall, within five days of the date of issuance of this Order, prepare and deliver to Plaintiffs a detailed and complete schedule of all assets of the Stipulating Defendants, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures, Internet payment processor, and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all such assets. Such accountings shall be filed with the Court and copies shall be delivered to the attention of Carmen Christopher, Consumer Financial Protection Bureau, 1700 G Street NW, Washington, DC 20552, and Melissa J. O'Neill, Office of the New York State Attorney General, 120 Broadway, New York, NY 10271. After completion of the accountings, the Stipulating Defendants shall produce to the Plaintiffs' offices, at a time agreeable to the Plaintiffs, all books, records and other documents supporting or underlying the accountings.

## XIII.

**IT IS FURTHER ORDERED** that, within ten days from the date of this Order, Pension Funding, LLC, and Pension Income, LLC, shall transfer to the receiver all assets, funds, and other property held in foreign locations in the name of Pension Funding, LLC, and Pension Income, LLC, or for the benefit or under

11

the direct or indirect control of either of them, or over which either of them exercise control or signatory authority.

### XIV.

**IT IS FURTHER ORDERED** that the Stipulating Defendants shall immediately provide a copy of this Order to each affiliate, subsidiary, division, sales entity, successor, assign, officer, director, employee, independent contractor, client company, electronic data host, agent, attorney, spouse, and representative of the Stipulating Defendants and shall, within three (3) calendar days from the date of entry of this Order, provide counsel for the Plaintiffs with sworn statements that: (a) confirm that the Stipulating Defendants have provided copies of the Order as required by this Section; and (b) list the names and addresses of each entity or person to whom the Stipulating Defendants provided a copy of this Order. Furthermore, the Stipulating Defendants shall not take any action that would encourage officers, agents, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliate, successors, assigns, or other persons or entities in active concert or participation with the Stipulating Defendants to disregard this Order or believe that they are not bound by its provisions.

### XV.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

DATED: February 5, 2016

_____
United States District Judge