1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| Consumer Financial Protection Bureau, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Pension Funding, LLC, et al.,<br><br>Defendants. | **Case No. 8:15-cv-01329-JLS-JCGx**<br><br>**STIPULATED FINAL JUDGMENT AND ORDER AS TO DEFENDANTS EDWIN LICHTIG, REX HOFELTER, PENSION FUNDING, LLC, AND PENSION INCOME, LLC** |

The Consumer Financial Protection Bureau (Bureau) and Shirin Emami, Acting Superintendent of Financial Services of the State of New York (Superintendent)[1], commenced this civil action on August 20, 2015, to obtain injunctive, equitable, and monetary relief from Pension Funding, LLC (Pension Funding), Pension Income, LLC (Pension Income), Steven Covey, Edwin Lichtig,

---

[1] Acting Superintendent Emami succeeded Acting Superintendent Anthony J. Albanese on December 1, 2015

1

1   and Rex Hofelter. The Complaint alleges violations of the Consumer Financial

2   Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5552(a)(1), 5531, 5536(a), 5564,

3   5565, and the laws of New York State.

4       Defendants Edwin Lichtig, Rex Hofelter, Pension Funding, and Pension

5   Income, by and through counsel, agree to the entry of this Proposed Stipulated

6   Final Judgment and Order (Order).

7       **THEREFORE, it is ORDERED**:

8                    **FINDINGS AND CONCLUSIONS**

9       1.      This Court has jurisdiction over the parties and the subject matter of

10  this action.

11      2.      The Bureau, the Superintendent, and Defendants Lichtig, Hofelter,

12  Pension Funding, and Pension Income agree to entry of this Order, without

13  adjudication of any issue of fact or law, to settle and resolve all matters in dispute

14  arising from the conduct alleged in the Complaint, with respect to them, to the date

15  this Order is entered.

16      3.      For the purposes of this Order, Defendants Lichtig, Hofelter, Pension

17  Funding, and Pension Income admit the facts necessary to establish the Court's

18  jurisdiction over them and the subject matter of this action.

19      4.      Defendants Lichtig, Hofelter, Pension Funding, and Pension Income

20  waive all rights to seek judicial review or otherwise challenge or contest the

21  validity of this Order. Defendants Lichtig, Hofelter, Pension Funding, and Pension

22  Income also waive any claim they may have under the Equal Access to Justice Act,

23  28 U.S.C. § 2412, concerning the prosecution of this action to the date of this

24  Order. Each Party will bear its own costs and expenses, including without

25  limitation attorneys' fees.

26

27

28                                  2

1    5.    Defendants Lichtig, Hofelter, Pension Funding, and Pension Income

2  agree that there is good cause to appoint a permanent receiver over Pension

3  Funding, LLC, and Pension Income, LLC.

4    6.    Entry of this Order is in the public interest.

5                          **DEFINITIONS**

6  The following definitions apply to this Order:

7    7.    "**Effective Date**" means the date on which this Order is entered on the

8  docket.

9    8.    "**Enforcement Director**" means the Assistant Director of the Office

10  of Enforcement for the Consumer Financial Protection Bureau, or his or her

11  delegee.

12    9.    "**Executive Deputy Superintendent**" means the Executive Deputy

13  Superintendent of the Financial Frauds & Consumer Protection Division of the

14  New York State Department of Financial Services, or his or her delegee.

15    10.    "**Pension-Advance Products or Services**" means any product or

16  service that provides or arranges lump-sum payments to consumers in return for

17  their agreement to redirect all or part of their pension payments for some period to

18  repay the funds.

19                              **I.**

20          **BAN ON PENSION-ADVANCE PRODUCTS AND SERVICES**

21    11.    **IT IS ORDERED** that Defendants Lichtig and Hofelter are

22  permanently restrained and enjoined from (1) offering, marketing, selling,

23  servicing, or providing any Pension-Advance Products or Services, whether

24  directly or indirectly, (2) assisting any person offering, marketing, selling,

25  servicing, or providing any Pension-Advance Products or Services, including, but

26  not limited to, by consulting, brokering, planning, investing, or advising, and (3)

27  receiving any monies or consideration from, holding any ownership interest in,

28                              3

1  providing services to, or working in any capacity for any person engaged in or

2  assisting in the offering, marketing, selling, servicing, or providing of any Pension-

3  Advance Products or Services.

4  **II.**

5  **CONDUCT PROVISIONS AS TO NEW YORK**

6        12.      **IT IS FURTHER ORDERED** that Defendants Lichtig, Hofelter,

7  Pension Funding, and Pension Income are permanently restrained and enjoined

8  from (1) directly or indirectly offering, marketing, selling, servicing, or providing

9  any financial products or services in the State of New York or to consumers in the

10  State of New York that are not compliant with New York State law, or providing

11  any financial service or product without the requisite New York State license, (2)

12  assisting any person offering, marketing, selling, servicing, or providing any

13  financial products or services in the State of New York or to consumers in the State

14  of New York that are not compliant with New York State law by consulting,

15  brokering, planning, investing, advising or otherwise, or providing any financial

16  service or product without the requisite New York State license, and (3) receiving

17  any monies or consideration from, holding any ownership interest in, providing

18  services to, or working in any capacity for any person engaged in or assisting in the

19  offering, marketing, selling, servicing, or providing of any financial products or

20  services in the State of New York or to consumers in the State of New York that

21  are not compliant with New York State law, or providing any financial service or

22  product without the requisite New York State license.

23        13.      Defendants Lichtig and Hofelter shall not purchase, distribute,

24  promote or otherwise cause to exist any New York State-specific advertisements,

25  endorsements, or other promotional materials for financial products or services that

26  are not compliant with New York State law. To the extent Defendant Lichtig or

27  Hofelter engages in any business activities that involve financial products or

28                                                4

1   services with national or regional advertising, including Internet advertising, if

2   such products and services are not compliant with New York State law, they must

3   clearly and conspicuously disclose in such advertising that the financial products

4   and services are not available in New York.

5          14.    Defendants Lichtig, Hofelter, Pension Funding, and Pension Income

6   consent to the enforcement by the Superintendent of the provisions of ¶ 12 in a

7   New York federal court.

8

9                                              **III.**

10                               **MONETARY RELIEF**

11         15.    **IT IS FURTHER ORDERED** that Defendants Lichtig and Hofelter

12  must return to Pension Income, LLC, through the receivership estate established by

13  the appointment of the receiver in this matter, the following amounts:

14              a.  Defendant Lichtig must pay to the receivership estate $282,000 by

15                  April 1, 2016; and

16              b.  Defendant Hofelter must pay to the receivership estate $40,000 by

17                  April 1, 2016.

18                                             **IV.**

19                  **ADDITIONAL MONETARY PROVISIONS**

20         **IT IS FURTHER ORDERED** that,

21         16.    In the event of any default on Defendant Lichtig's or Defendant

22  Hofelter's obligations to make payment under Section III of the Order, interest,

23  computed under 28 U.S.C. § 1961, as amended, will accrue on any outstanding

24  amounts not paid from the date of default to the date of payment, and will

25  immediately become due and payable.

26         17.    Defendants Lichtig and Hofelter must relinquish all dominion,

27  control, and title to the funds paid pursuant to ¶ 15 to the fullest extent permitted

28                                              5

1   by law and no part of the funds may be returned to either Defendant Lichtig or

2   Hofelter. Defendants Lichtig and Hofelter cannot use funds that properly belong to

3   Pension Income, LLC, or Pension Funding, LLC, to satisfy the requirements of ¶

4   15.

5        18.    Under 31 U.S.C. § 7701, Defendants Lichtig and Hofelter, unless they

6   already have done so, must furnish to the Bureau taxpayer-identifying numbers,

7   which may be used for purposes of collecting and reporting on any delinquent

8   amount arising out of this Order.

9        19.    Under § 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C.§ 1681

10   b(a)(1), any consumer reporting agency may furnish a consumer report concerning

11   either Defendant Lichtig or Defendant Hofelter to the Bureau, which may be used

12   for purposes of collecting and reporting on any delinquent amount arising out of

13   this Order.

14        20.    Full compliance with Section III of this Order will satisfy Defendant

15   Lichtig's and Defendant Hofelter's obligations to pay the costs, fees, and expenses

16   of the receiver as set forth in Section VIII of the Stipulated Preliminary Injunction,

17   Appointment of Receiver, and Related Orders, entered by the Court on January 8,

18   2016.

19   **V.**

20   **APPOINTMENT OF PERMANENT RECEIVER**

21   **IT IS FURTHER ORDERED** that,

22        21.    Krista Freitag of E3 Advisors is appointed as the permanent receiver

23   of Pension Funding, LLC, and Pension Income, LLC, and their subsidiaries,

24   affiliates, and successors in interest. The permanent receiver shall have full powers

25   of an equity receiver consistent with the provisions of the Stipulated Preliminary

26   Injunction, Appointment of Receiver, and Related Orders, entered by the Court on

27   January 8, 2016, including but not limited to, full power over all funds, assets,

28

1  negotiable instruments, collateral, premises (whether owned, leased, occupied, or

2  otherwise controlled), choses in action, books, records, papers and other real or

3  personal property, including notes, deeds of trust and other interests in real

4  property, belonging to, being managed by, or in the possession of or control of

5  Pension Funding, LLC, Pension Income, LLC, and any of their subsidiaries,

6  affiliates, or successors in interest, and including all funds and assets transferred

7  from Pension Funding, LLC, or Pension Income, LLC, to entities controlled or

8  managed by Edwin Lichtig or Rex Hofelter, such as PGR, LLC, and any other

9  entity determined by the Court to be part of the receivership.

10       22.    Defendants Lichtig and Hofelter must relinquish control of, ownership

11  claims to, and any other interests in Pension Funding, LLC, and Pension Income,

12  LLC, and any of their subsidiaries, affiliates, or successors in interest, including all

13  funds and assets transferred from Pension Funding, LLC, or Pension Income, LLC,

14  to entities controlled or managed by Edwin Lichtig or Rex Hofelter, such as PGR,

15  LLC, and any other entity determined by the Court to be part of the receivership,

16  including any claims to records, information, documents, assets, bank accounts,

17  negotiable instruments, collateral, books, records, papers, notes, deeds of trust and

18  other interests in real property, or other property of any receivership entity.

**VI.**

**COOPERATION WITH THE RECEIVER**

21      **IT IS FURTHER ORDERED** that,

22       23.    Defendants Lichtig and Hofelter and their agents, servants,

23  employees, attorneys, affiliates, and those persons in active concert or participation

24  with any of them, who receive actual notice of this Order, by personal service or

25  otherwise, must cooperate with the receiver by giving the receiver access to and

26  control of all records, information, documents, assets, bank accounts, negotiable

1 │ instruments, collateral, books, records, papers, notes, deeds of trust and other

2 │ interests in real property, or other property of any receivership entity.

3 │       24.    Defendants Lichtig and Hofelter, and their agents, servants,

4 │ employees, attorneys, affiliates, and those persons in active concert or participation

5 │ with any of them, who receive actual notice of this Order, by personal service or

6 │ otherwise, must cooperate with the receiver as necessary to assist the receiver in

7 │ determining the identity and location of, and the amount of injury sustained by any

8 │ person affected by Defendants' Pension-Advance Product or Services. Defendants

9 │ must make available or turn over to the receiver such information in their or their

10 │ agents' possession or control within 14 days of receiving a written request from the

11 │ receiver.

12 │       25.    Neither Defendant Lichtig nor Defendant Hofelter may bring any

13 │ claim against any receivership entity.

14 │       26.    Neither Defendant Lichtig nor Defendant Hofelter may bring any

15 │ claim against a consumer for payments related to Pension-Advance Products or

16 │ Services.

17 │ **VII.**

18 │ **CONSUMER INFORMATION**

19 │       27.    **IT IS FURTHER ORDERED** that Defendants Lichtig and Hofelter

20 │ and their agents, servants, employees, attorneys, affiliates, and all persons who are

21 │ in active concert or participation with any of them, who have actual notice of this

22 │ Order, whether acting directly or indirectly, may not disclose, use, benefit from

23 │ consumer information, sell any customer information or leads to others, or use

24 │ customer information or leads collected through their pension-advance business,

25 │ including the name, address, telephone number, email address, Social Security

26 │ number, other identifying information, or any data that enables access to a

27 │ consumer's account (including information related to a credit card, bank account,

28 │

8

1   pension account, or other financial account, and including any bank accounts used

2   by any Defendant to receive a consumer's pension payments), that Defendants

3   obtained or created in connection with Pension-Advance Products or Services.

4   Notwithstanding this prohibition, the Defendants must provide information about

5   consumers to the receiver and may disclose such information: a) to the Bureau; b)

6   to the Superintendent; c) to another government agency; or d) as required by law,

7   regulation, or court order, to the extent such information is in possession, custody,

8   or control of either Defendant Lichtig or Hofelter.

## VIII.

## REPORTING REQUIREMENTS

**IT IS FURTHER ORDERED** that,

12      28.      For 10 years from the Effective Date, Defendants must notify the

13   Bureau and the Superintendent of any development that may affect compliance

14   obligations arising under this Order, including but not limited to, a dissolution,

15   assignment, sale, merger, or other action that would result in the emergence of a

16   successor company; the creation or dissolution of a subsidiary, parent, or affiliate

17   that engages in any acts or practices subject to this Order; the filing of any

18   bankruptcy or insolvency proceeding by or against any Defendant; or a change in

19   any Defendant's name or address. Each Defendant must provide this notice, if

20   practicable, at least 30 days before the development, but in any case no later than

21   14 days after the development.

22      29.      Within 7 days of the Effective Date, Defendants Lichtig and Hofelter

23   must:

24          a.   designate at least one telephone number and email, physical, and

25              postal address as points of contact, which the Bureau  or the

26              Superintendent may use to communicate with each Defendant;

1         b.  identify all businesses for which either Defendant is the majority

2            owner, or that any Defendant directly or indirectly controls, by

3            providing all of those businesses' names, telephone numbers, and

4            physical, postal, email, and Internet addresses;

5         c.  describe the activities of each business identified in (b), including the

6            products and services offered, and the means of advertising,

7            marketing, and sales; and

8         d.  describe in detail the relevant Defendant's involvement in any

9            business for which he performs services in any capacity or which he

10           either wholly or partially owns, including the relevant Defendant's

11           title, role, responsibilities, participation, authority, control, and

12           ownership.

13      30.  For 10 years from the Effective Date, each Defendant must report any

14  change in the information required to be submitted under ¶ 29 at least 30 days

15  before the change or as soon as practicable after learning about the change,

16  whichever is sooner.

17      31.  Within 90 days of the Effective Date, and again one year after the

18  Effective Date, Defendants must submit to the Enforcement Director and the

19  Superintendent an accurate written compliance progress report (Compliance

20  Report), which, at a minimum:

21        a.  describes in detail the manner and form in which the Defendant has

22           complied with this Order; and

23        b.  attaches a copy of each Order Acknowledgment obtained under

24           Section IX, unless previously submitted to the Bureau and the

25           Superintendent.

26      32.  After the one-year period, and continuing for 9 years, Defendants

27  must submit to the Enforcement Director and the Superintendent additional

28                                 10

1    Compliance Reports within 14 days of receiving a written request from the Bureau

2    or the Superintendent.

## IX.

## ORDER DISTRIBUTION AND ACKNOWLEDGMENT

**IT IS FURTHER ORDERED** that,

6         33.    Within 7 days of the Effective Date, each Defendant must submit to

7    the Enforcement Director and the Superintendent an acknowledgment of receipt of

8    this Order, sworn under penalty of perjury.

9         34.    Within 30 days of the Effective Date, each Defendant, for any

10   business for which the Defendant is the majority owner or directly or indirectly

11   controls, must deliver a copy of this Order to each of its board members and

12   executive officers, as well as to any managers, employees, service providers, or

13   other agents and representatives who have responsibilities related to the subject

14   matter of this Order.

15        35.    For 5 years from the Effective Date, each Defendant, for any business

16   for which the Defendant is a majority owner or directly or indirectly controls, must

17   deliver a copy of this Order to any business entity resulting from any change in

18   structure referred to in Section VIII, any future board members and executive

19   officers, as well as to any managers, employees, service providers, or other agents

20   and representatives who will have responsibilities related to the subject matter of

21   the Order before they assume their responsibilities.

22        36.    Defendants must secure a signed and dated statement acknowledging

23   receipt of a copy of this Order, ensuring that any electronic signatures comply with

24   the requirements of the E-Sign Act, 15 U.S.C. § 7001 et seq., within 30 days of

25   delivery, from all persons receiving a copy of this Order under this Section.

## X.

## RECORDKEEPING

**IT IS FURTHER ORDERED** that,

37.     Each Defendant must create, for at least 10 years from the Effective Date, all documents and records necessary to demonstrate full compliance with each provision of this Order, including for any business in which either Individual Defendant is a majority owner or directly or indirectly controls, as well as all submissions to the Bureau.

38.     Defendants must retain the documents identified in ¶ 37 for at least 5 years.

39.     Defendants must make the documents identified in ¶ 37 available to the Bureau or the Superintendent upon request.

## XI.

## NOTICES

40.     **IT IS FURTHER ORDERED** that, unless otherwise directed in writing by the Bureau or the Superintendent, Defendants must provide all submissions, requests, communications, or other documents relating to this Order in writing, with the subject line, "CFPB, et al. v. Pension Funding, et al., No. 2013-0790-02," and send them either:

    a. By overnight courier (not the U.S. Postal Service) to the below
       addresses and contemporaneously by email, as follows:

       Assistant Director for Enforcement
       Consumer Financial Protection Bureau
       ATTENTION: Office of Enforcement
       1625 I Street, NW
       Washington, DC 20006

       Enforcement_Compliance@cfpb.gov

       and

Executive Deputy Superintendent
Financial Frauds & Consumer Protection
New York State Department of Financial Services
ATTENTION: Anna MacCormack, Assistant Counsel
1 State Street
New York, NY 10004

FFCPD_Enforcement@dfs.ny.gov; or

b. By first class mail to the below addresses and contemporaneously by email to:

Assistant Director for Enforcement
Consumer Financial Protection Bureau
ATTN:  Office of Enforcement
1700 G Street, NW
Washington, DC 20552

Enforcement_Compliance@cfpb.gov

and

Executive Deputy Superintendent
Financial Frauds & Consumer Protection
New York State Department of Financial Services
ATTENTION: Anna MacCormack, Assistant Counsel
1 State Street
New York, NY 10004

FFCPD_Enforcement@dfs.ny.gov.

## XII.

**COOPERATION WITH THE BUREAU AND THE SUPERINTENDENT**

**IT IS FURTHER ORDERED** that,

41.     If necessary, Defendants Lichtig and Hofelter must cooperate fully to help the Bureau or the Superintendent determine the identity and location of, and the amount of injury sustained by, any person affected by Defendants' Pension-

1  Advance Product or Services. Defendants must make available or turn over to the

2  Bureau or the Superintendent such information in their or their agents' possession

3  or control within 14 days of receiving a written request from the Bureau.

4        42.    Defendants Lichtig and Hofelter must cooperate fully with the Bureau

5  or the Superintendent in this matter and in any investigation related to or associated

6  with the conduct described in the Complaint. Defendants must provide truthful and

7  complete information, evidence, and testimony. These Defendants must appear for

8  interviews, discovery, hearings, trials, and any other proceedings that the Bureau or

9  the Superintendent may reasonably request upon 5 days written notice, or other

10  reasonable notice, at such places and times as the Bureau or the Superintendent

11  may designate, without the service of compulsory process.

12  **XIII.**

13  **COMPLIANCE MONITORING**

14      **IT IS FURTHER ORDERED** that, to monitor Defendant Lichtig's and

15  Defendant Hofelter's compliance with this Order,

16        43.    Within 14 days of receipt of a written request from the Bureau or the

17  Superintendent, the given Defendant must submit additional compliance reports or

18  other requested information, which must be made under penalty of perjury; provide

19  sworn testimony; or produce documents.

20        44.    For purposes of this Section, the Bureau or the Superintendent may

21  communicate directly with either Defendant Lichtig or Hofelter, unless that

22  Defendant retains counsel related to these communications.

23        45.    The given Defendant must permit Bureau or Superintendent

24  representatives to interview any employee or other person affiliated with the

25  Defendant who has agreed to such an interview. The person interviewed may have

26  counsel present.

27

28  14

1     46.    Nothing in this Order will limit the Bureau's or the Superintendent's

2   lawful use of civil investigative demands under 12 C.F.R. § 1080.6 or New York

3   state law, or other compulsory process.

4   **XIV.**

5   **RETENTION OF JURISDICTION**

6     47.    The Court will retain jurisdiction of this matter for purposes of

7   construction, modification, and enforcement of this Order.

8

9

10   DATED:  February 10, 2016



11   _____

12               United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   15